[No. 8751.]

COLORADO & SOUTHERN RAILWAY CO. v. BLUNCK.

INTERSTATE COMMERCE—*Shipper's Notice of Claim for Injuries—Waiver.* Where the shipper of livestock destined to another state agrees, upon consideration, that as a condition precedent to his right of action for an injury to the stock he will give a certain notice of his claim, such notice cannot be waived by the carrier. Atchison Co. v. Miller, *ante,* followed.

*Error to Larimer District Court.* Hon. NEIL F. GRAHAM, Judge.

Mr. E. E. WHITTED, Mr. T. R. WOODROW, Mr. F. J. ANNIS, Mr. J. P. KILLGORE, for plaintiff in error.

Mr. GEORGE CLAMMER, Mr. R. P. EVANS, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court.

This judgment was in favor of the defendant in error for damages to a shipment of sheep from Colorado to Chicago by the plaintiff in error and its connecting line, as common carriers. The railroad company set forth its bill of lading under which this shipment was made. One stipulation was to the effect that as a condition precedent to the shipper's right to recover any damages for loss or injury, he would give notice in writing of

his claim to some officer of said carriers, or to their nearest station agent, before said stock had been removed from said place of destination, and before said stock had been mingled with other stock. It stands admitted that no notice in writing, as required by this contract, was given within the time therein provided. This was an interstate shipment, for which reason it is controlled by the acts of Congress in relation thereto, where the subject has been covered. Similar provisions in bills of lading involving such shipments have been held valid. —*Northern Pac. Ry. Co. v. Wall, Admr.,* 241 U. S. 87, 60 L. Ed. 905, 36 Sup. Ct. 493.

The defendant in error seeks to avoid the effect of this clause in the bill of lading upon the theory that it was waived by the conduct of the company's agent. In Case No. 8335, *The Atichson, Topeka & Santa Fe Ry. Co. v. Miller,* decided at this term, a majority of this court held that it was beyond the power of the agents of the company to make a waiver of this kind in the manner claimed in this case. While the writer of this opinion dissented in the former one, it is his duty, as it is that of the department, to accept the ruling in that case and apply it as the law in this one. For which reason the judgment will be reversed and the cause remanded with instructions to dismiss the action.

*Reversed.*

CHIEF JUSTICE WHITE and Mr. JUSTICE TELLER concur.